UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HELIKER,<br><br>           Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>           Defendant. | No.  CV 05-917-PJW<br><br>MEMORANDUM OPINION AND ORDER |

I.

INTRODUCTION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking reversal of the decision by Defendant Social Security Administration ("the Agency") denying him benefits.  Alternatively, he asks the Court to remand the case to the Agency for further proceedings.

After reviewing the record and for the reasons discussed below, the Court finds that the decision of the Agency denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

benefits is not based on substantial evidence and, for that reason, remands the case to the Agency for further proceedings consistent with this opinion.

## II.

## BACKGROUND

Plaintiff was, at the time of the hearing, a 39-year-old former roofer helper and carpet layer helper with a high school diploma. (Administrative Record ("AR") 26-27, 52, 112.)  Plaintiff protectively filed an application for DIB and SSI benefits on March 20, 2002, alleging inability to work since January 22, 2002, due to low-back pain, seizure disorder, mitral valve prolapse, and poor vision.  (AR 111-114, 132.)  Following denials of his claims at the initial and reconsideration levels, Plaintiff requested a hearing before an administrative law judge ("ALJ").  The ALJ held a hearing on January 29, 2004.  (AR 24-62.)  Plaintiff appeared with counsel and testified. Vocational expert Gregory S. Jones also testified.  By decision dated May 14, 2004, the ALJ denied benefits.  (AR 16-21.)

Following the five-step sequential evaluation procedure outlined in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), the ALJ found at step one that Plaintiff had not engaged in any substantial gainful activity since January 22, 2002.  At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of low-back pain with progressive degenerative disc disease of the lumbar spine, a learning disability, and a seizure disorder, which was controlled with medication.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in or medically equal to a Listing.

At step four, the ALJ found that, although Plaintiff's allegations were "generally credible," they were not so credible as to establish disability. He determined that Plaintiff retained the residual functional capacity to perform the exertional demands of sedentary work. He further found, however, that Plaintiff's capacity to perform the full range of sedentary work was reduced by his non-exertional limitations, which resulted in moderate limitations in maintaining attention and concentration and in understanding and memory. (AR 19, 20.) With these limitations, the ALJ determined, that Plaintiff could not perform his past jobs as a roofer helper or carpet layer helper.

At step five, the ALJ found that, considering Plaintiff's age, education, and vocational background, there were a significant number of jobs in the regional economy which Plaintiff could perform. (AR at 20.) Accordingly, the ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act at any time through the date of his decision. (AR 20-21.) Plaintiff asked the Appeals Council to review the ALJ's decision, but that request was denied. He then filed suit in this Court.

## III.

## DISCUSSION

A.  <u>Standard of Review</u>

"Disability" under the applicable statute is defined as the inability to perform any substantial gainful activity because of "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Court may overturn the ALJ's decision

that a claimant is not disabled only if the decision is not supported by substantial evidence or is based on legal error. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).) It is "more than a mere scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

"The Court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Indeed, if the record evidence can reasonably support either affirming or reversing the Agency's decision, this Court must not substitute its judgment for that of the ALJ. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the ALJ committed error but the error was harmless, reversal is not required. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)(applying the harmless error standard).

B.   <u>The ALJ Erred In Analyzing Plaintiff's Claims</u>

Plaintiff contends that:

1. The ALJ's determination that Plaintiff's condition does not meet or equal a Listing is not based on substantial evidence;

2. The ALJ failed to provide specific and legitimate reasons for rejecting the opinion of the consultative psychologist, Leslie A. Roman, Ph.D.

As set forth below, the Court agrees. Thus, remand is required.

    a.   <u>Listing 12.05C</u>

Plaintiff contends that his impairment meets Listing 12.05C, mental retardation. Listing 12.05C requires a showing of "[a] valid verbal, performance, or full scale IQ [score] of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. § 404, Subpart D, App. 1 § 12.05C.

Plaintiff was administered the Wechsler Adult Intelligence Scale-Third Edition, by his treating psychologist Dr. Roman. Plaintiff's verbal IQ was 64, his performance IQ was 83, and his full-scale IQ was 70. Thus, Plaintiff appears to meet the IQ requirements of Listing 12.05C as two of his scores were 70 or below.

Plaintiff also has impairments which impose additional and significant work-related limitations, with a physical condition limiting him to sedentary work. The ALJ concluded that Plaintiff suffered from low-back pain with progressive degenerative disc disease of the lumbar spine and seizure disorder. The combination of these impairments limited Plaintiff to sedentary work, according to the ALJ.

Despite the fact that Plaintiff, at least arguably, meets the requirements of Listing 12.05C, the ALJ never discussed the Listing in his decision. This was error. Where as here, the claimant clearly appears to meet the requirements of a Listing, the ALJ is bound to address the Listing and explain why Plaintiff does not meet it.

Defendant argues that Plaintiff's counsel effectively stipulated to the fact that Plaintiff did not meet Listing 12.05C when he told the ALJ at the hearing that he did not believe Plaintiff met a Listing. (AR 24.) The Court disagrees. That statement by counsel

was in error.  Further, it related to an application of the facts to the regulations.  This is not the grist of stipulations.  Finally, if that was the reason the ALJ concluded that Plaintiff did not meet Listing 12.05C, he should have said so.  As this record stands now, no one, not the government, the Plaintiff, or the Court, knows why the ALJ reached the conclusion that Plaintiff did not meet Listing 12.05C, and we should not be placed in the position of simply guessing.

The Agency points out that to meet Listing 12.05C Plaintiff also has to establish that the onset of his cognitive deficiency occurred prior to him turning 22 years old.  The Agency argues that there are no IQ test results in this record prior to Plaintiff turning 22.  Thus, the Agency maintains, Plaintiff has not met his burden of establishing that he meets Listing 12.05C.  Though the Court agrees that there are no test scores for Plaintiff prior to him turning 22, the circumstantial evidence suggests that his IQ was the same before he was 22.  First, common sense and common experience teach us that a person's IQ remains relatively stable throughout his lifetime, absent some injury to the brain.  In this case, there is no evidence that Plaintiff suffered an injury to the brain after he turned 22.  Second, the evidence shows that Plaintiff was in special education classes in school, though it is not entirely clear what percentage of his classes were in special education.[1]

The Agency also points out that to qualify for disability under Listing 12.05C, Plaintiff must actually be mentally retarded.  (Joint Stip at 8.)  The Agency maintains that Plaintiff has been able to work

---

[1] This issue is complicated by the fact that Plaintiff, apparently, received a "regular" diploma from high school.

(for twenty years), grocery shop, pay bills, use a computer, etc. (Joint Stip. at 9.)  Thus, according to the Agency, Plaintiff does not qualify under Listing 12.05C, regardless of his IQ scores.

The Court does not agree.  Virtually all individuals with mild mental retardation (Between 55 and 70) "'*can live successfully in the community, independently* or in supervised apartments or group homes . . . .'" *Brown v. Secretary of Health and Human Services*, 948 F.2d 268, 270 (6th Cir. 1991)(quoting DSM -III-R)(emphasis in original). Thus, the Court is not convinced that Plaintiff's apparent ability to survive vitiates his claim that he is disabled under Listing 12.05C.

Though these and other issues relating to whether Plaintiff meets Listing 12.05C are debatable, this Court is not the proper forum to resolve them.  These issues are more properly decided by the Agency and then, after the record is fully developed, presented to this Court for review if there is disagreement. *See e.g. Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)(finding error in ALJ's summary conclusion that claimant's impairments "did not meet or equal a listing" because it effectively precluded judicial review); and *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1970).  On remand, the ALJ should squarely address whether Plaintiff meets Listing 12.05C.  If so, the inquiry is over and Plaintiff is disabled.  If not, the ALJ must explain why Plaintiff does not meet Listing 12.05C, and then proceed with the remaining steps in the sequential evaluation process.

C.   <u>The Treating Psychologist</u>

Plaintiff also complains that the ALJ did not properly address the opinion of Plaintiff's treating psychologist, Dr. Roman.  In Dr. Roman's view, Plaintiff is unable to work because he is unable to interact appropriately with co-workers and does not have effective

coping skills. (AR 298.) The Agency argues that it is the ALJ, not the treating psychologist who determines whether a claimant can work. For that reason, the Agency contends, the ALJ was not required to accept Dr. Roman's assessment and was free to make his own.

Though the Agency is correct on this point, the ALJ was still required to address Dr. Roman's opinion that Plaintiff would not be able to interact appropriately with co-workers and could not cope and explain why he disagreed with Dr. Roman. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996)(holding that, in order to reject the treating psychologist's opinion, the ALJ must provide specific, legitimate reasons); *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)(holding the ALJ is required to explain why significant, probative evidence has been rejected). The ALJ failed to do so and, for that reason, remand is necessary. On remand, assuming the ALJ concludes that Plaintiff does not meet Listing 12.05C, the ALJ must address Dr. Roman's view that Plaintiff cannot interact appropriately and cope well enough to work and explain why he is rejecting Dr. Roman's opinion, if that is the case.

## IV.
## CONCLUSION

For all the foregoing reasons, the Court hereby REMANDS this case to the Agency for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

DATED:   June 14, 2006

/s/
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\HELIKER, A\Memo Opinion.wpd